## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| WILLIAM MANN, Individually and As Executor of The Estate of ERNESTINE MANN, Deceased<br><br>            Plaintiff,<br><br>v.<br><br>ARBOR TERRANCE AT CASCADE, LLC; THE ARBOR BARRINGTON COMPANY, LLC d/b/a THE ARBOR COMPANY, THE ARBOR CP, LLC, THE ARBOR HOLDING COMPANY, LLC, ARBOR MANAGEMENT SERVICES, LLC, JOHN DOE NO. 1 AND AUDRIENNE STEVENS<br><br>            Defendants. | **CIVIL ACTION FILE NO.:**<br>_____<br><br><br>**Removed from the State Court of Fulton County, Georgia**<br><br>**Civil Action File Number: 20EV002369** |

## NOTICE OF REMOVAL

COMES NOW, Defendant Arbor Management Services, LLC, by special appearance in the above-styled action, and hereby gives notice of the removal of the above-captioned case from the State Court of Fulton County, to the United States District Court for the Northern District of Georgia, Atlanta Division, reserving all

defenses and all objections to venue based on 42 U.S.C.A. § 247d-6d(e)(1), pursuant to 28 U.S.C.A. §§ 1441 and 1446, on the following grounds:

## I.   STATEMENT OF THE CASE

1.   Plaintiff commenced this action by filing a complaint (the "Complaint") on April 23, 2020, in the State Court of Fulton County, Georgia, Civil Case Number 20EV002369 (the "State Court Action"). A true and correct copy of all pleadings, process, and orders in Defendant's possession (including the Summons and Complaint) are attached hereto as Exhibit "A".

2.   Under 28 U.S.C.A. § 1446(b), this Notice of Removal must be filed within 30 days of receiving the Complaint. Because Defendant received service of the Complaint on April 29, 2020 through service on the registered agent Judd Harper, this Notice of Removal is timely.

3.   The Complaint asserts causes of action for negligence, gross negligence, and wrongful death arising from the residency of Plaintiff's decedent relative to Defendants' administration and/or use of facemasks and other personal protective equipment, as well as other measures taken to prevent or mitigate the spread of COVID-19. (Compl. ¶¶ 28, 39).

4.   Defendant Arbor Management Services, LLC has not been served to date, but specially appears to file this Notice of Removal.

a. Upon knowledge and belief, Arbor Terrace at Cascade, LLC (improperly named as Arbor Terrance at Cascade, LLC) is a dissolved company and has been for more than ten (10) years. As of this date, it has not been served.

b. Upon knowledge and belief, The Arbor Barrington Company, LLC is a dissolved company and has been for more than ten (10) years. As of this date, it has not been served.

c. Upon knowledge and belief, Arbor CP, LLC (improperly named as "The Arbor CP, LLC") has no interest in Arbor Terrace at Cascade, or any other manner of involvement related to the allegations at issue. Its registered agent for service Judd Harper was served on April 29, 2020.

d. Upon knowledge and belief, The Arbor Holding Company, LLC has no interest in Arbor Terrace at Cascade, or any other manner of involvement related to the allegations at issue. Its registered agent for service Judd Harper was served on April 29, 2020.

e. Upon knowledge and belief, Defendant Audrienne Stevens has not been served to date.

## II.   PROCEDURAL REQUIREMENTS HAVE BEEN MET

5.   Defendant files this notice in the above-styled case with the explicit consent of co-Defendants pursuant to 28 U.S.C.A. § 1446(b)(2)(A).[1]

6.   Concurrent with the filing of this Notice, Defendant is serving this Notice of Removal on all other parties pursuant to 28 U.S.C.A. § 1446(d).

7.   The United States District Court for the Northern District of Georgia, Atlanta Division, embraces Fulton County, the county in which the State Court Action is now pending. Venue is therefore proper for this Notice of Removal under 28 U.S.C.A. §§ 90(a)(2) and 1446(a).

## III.   ARGUMENT AND CITATION TO AUTHORITY

### Federal Question Jurisdiction Under 28 U.S.C.A. § 1441(a)

8.   This case is removable under 28 U.S.C.A. § 1441(a) on the basis of "original jurisdiction" because Plaintiff's Complaint asserts a claim "arising under" federal law within the meaning of § 1331.

9.   On its face, the allegations contained in the Complaint reflect that a "covered person" was involved in a "recommended activity" relative to a "covered countermeasure" and therefore presents a Federal Question under the Public

---

[1] Counsel for Defendant Arbor Management Services, LLC represents all named Defendants, including those that are dissolved.

Readiness and Emergency Preparedness Act (PREP Act), 42 U.S.C.A. §§ 247d-6d, 247d-6e (West 2020).

10.     As such, Congress provided an exclusive remedy for the substance of the allegations and relief sought in the Complaint and Federal law expressly pre-empts state law for purposes of federal question jurisdiction. *See* Public Readiness and Emergency Preparedness Act (PREP Act), 42 U.S.C.A. §§ 247d-6d, 247d-6e (West 2020).

11.     The issue of whether federal question jurisdiction exists when a Complaint attempts to only assert a claim in state law is addressed in *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1 (2003). The Court explained:

> [A] state claim may be removed to federal court … when a federal statute wholly displaces the state-law cause of action through **complete pre-emption**. When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. In the two categories of cases https://1.next.westlaw.com/Document/I64fa99c29c9711d9bc61beebb95be672/View/FullText.html?transitionType=UniqueDocItem&contextData=(sc.UserEnteredCitation)&userEnteredCitation=539+U.S.+1 - co_footnote_B00542003391166 where this Court has found complete pre-emption … the federal statutes at issue **provided the exclusive cause of action** for the claim asserted and also **set forth procedures and remedies governing that cause of action**.

*Id.* at 8 (emphasis supplied; internal citations and footnotes omitted).

12.   In *Beneficial Nat. Bank*, the plaintiff brought an action for usury under state law,
which was preempted by the usury provisions of the National Bank Act (12
U.S.C.A. §§ 85 and 86). The Court held that the usury provisions under §§ 85
and 86 collectively "supersede both the substantive and the remedial provisions
of state usury laws and create a federal remedy for overcharges that is exclusive."
*Beneficial Nat. Bank, supra,* at 11. Therefore, the court held that federal question
was proper under the "complete preemption" doctrine.

13.   Thus, Circuit Courts and District Courts have subsequently found "complete
preemption" where a federal statute expressly preempts state law and creates an
exclusive federal remedy for preempted state claims. *See, e.g., In re WTC
Disaster Site*, 414 F3d 352, 380 (2d Cir. 2005); *Spear Marketing, Inc. v.
BancorpSouth Bank*, 791 F.3d 586 (5th Cir. 2015); *Nott v. Aetna U.S. Healthcare,
Inc.*, 303 F.Supp.2d 565 (E.D.Pa. 2004).

14.   As set forth below, Plaintiff's tort claims are completely preempted by the PREP
Act found at 42 U.S.C.A. §§ 247d-6d and 247d-6e.

15.   Under 42 U.S.C.A. § 247d-6d(a), a "covered person" is afforded broad immunity
for all "claims for loss arising out of, relating to, or resulting from" the
"administration" or "use" of a "covered countermeasure" as those terms are

defined by that section, provided the Secretary of the Department of Health and Human Services (HHS) issues a declaration to that effect.

16. For all claims barred by immunity under 42 U.S.C.A. § 247d-6d that do not assert "willful misconduct," the exclusive remedy for relief is established under § 247d-6e, which permits an individual may make a claim for a "covered injury directly caused by the administration or use of a covered countermeasure." In fact, and for purposes of illustrating Congress's intent to address all claims, even a claimant alleging "willful misconduct" must first apply for benefits under § 247d-6e before bringing an action under § 247d-6d(d). *Id.* § 247d-6e(d)(1).

17. Moreover, under 42 U.S.C.A. § 247d-6d(b)(8), state law that "is different from, or in conflict with, any requirement applicable [for immunity]" is expressly preempted.

18. Therefore, Congress has clearly manifested the intent to preempt state law with respect to claims that invoke PREP Act immunity and to create an exclusive federal remedy for such preempted claims, thereby "completely preempting" state law for purposes of federal question jurisdiction.

19. Here, Defendant is a "covered person" in that Defendant is both a "qualified person" and "program planner" under 42 U.S.C.A. § 247d-6d(i)(2)(B).

20. Plaintiff's claim for loss "arises out of, relates to, or results from" the administration and/or use of a "covered countermeasure" obtained through a "means of distribution," to a "population," and within a "geographic area," or reasonably believed so by Defendant, for the purpose of treating, diagnosing, curing, preventing, or mitigating COVID-19, or the transmission of SARS-CoV-2 or a virus mutating therefrom, as such terms are defined within the Public Readiness and Emergency Preparedness Act (PREP Act), 42 U.S.C.A. §§ 247d-6d, 247d-6e (West 2020), the Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 15198 (Mar. 17, 2020), *amended by* 85 Fed. Reg. 21012 (Apr. 15, 2020), and all corresponding amendments, regulations, and interpretational case law.

21. At the time of the allegations set forth in the Complaint, Defendant was acting as a "program planner" that supervised and/or administered the infection control and COVID-19 specific programs in the treatment of COVID-19 patients, under which countermeasures, including, but not limited to, the use of facemasks and other personal protective equipment, visitation restrictions, and screening requirements at the Facility while the decedent was admitted in an effort to

prevent or mitigate the spread of COVID-19, or the transmission of SARS-CoV-2 or a virus mutating therefrom.

22.   At the time of the allegations set forth in the Complaint, Defendant and its staff were also acting as "qualified persons." Arbor Terrace at Cascade is licensed as an assisted living community by the Georgia Department of Community Health and employs licensed nursing personnel for the purpose of developing and implementing policies, procedures, and other countermeasures to prevent, limit, and/or control the spread of COVID-19. *See* 42 U.S.C. § 247d-6d(i)(8); 85 Fed. Reg. 15198, 15202-15203 (Mar. 17, 2020). Likewise, Defendant's staff members include Registered Nurses and Licensed Practical Nurses licensed in the state of Georgia and are therefore "covered persons" authorized to administer FDA-approved COVID-19 devices, tests, and medications used to treat the same. Defendant's staff implemented certain countermeasures in relation to COVID-19, including, but not limited to, the use of personal protective equipment, visitation restrictions, and screening requirements. Under the FDA's Emergency Use Authorization dated April 24, 2020, facemasks were authorized under an umbrella authorization when used by healthcare providers to cover their noses and mouths in accordance with Centers for Disease Control and Prevention recommendations.

23.    At the time of the allegations set forth in the Complaint, Defendant was engaged in both the management and operation of countermeasure programs and the administration and/or use of countermeasures to prevent and/or mitigate COVID-19 or the transmission of SARS-CoV-2 or a virus mutating therefrom to a "population" and within a "geographic area" specified by the Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 15198 (Mar. 17, 2020), and all amendments thereto, or reasonably believed so by Defendant. For example, Facemasks used to prevent or mitigate the spread of COVID-19 are qualified pandemic or epidemic products, as defined by 42 U.S.C.A. § 247d-6d(i)(7), as a device used, designed, and developed to mitigate or prevent the spread of COVID-19 and was authorized for emergency use in accordance with section 564, 564A, or 564B of the Federal Food, Drug, and Cosmetic Act. Additionally, the facemasks were administered and/or used in accordance with the public health and medical response of the state of Georgia or reasonably believed so by Defendant. Plaintiff's claim for loss "arises out of, relates to, or results from" the administration and/or use of such "covered countermeasure."

24.     Therefore, Plaintiff's Complaint invokes a federal question for which the governing federal law "completely preempts" Plaintiff's state law claims, and removal is proper under 28 U.S.C.A. § 1441(a).

        **WHEREFORE**, having shown that this case is properly removable, Defendant provides notice pursuant to 28 U.S.C.A. § 1446 that the Action pending in State Court of Fulton County Georgia, Civil Action No. 20EV002369 is removed to the United States District Court for the Northern District and respectfully requests that this Court exercise jurisdiction over this case.

        Respectfully submitted this 29th day of May, 2020.

                                                **HALL BOOTH SMITH, P.C.**

                                                /s/ HOWARD W. REESE, III
                                                T. ANDREW GRAHAM
                                                Georgia Bar No.  304777
                                                HOWARD W. REESE, III
                                                Georgia Bar No. 598178
                                                BRITTANY H. CONE
                                                Georgia Bar No. 488550

                                                *Attorneys for Defendant Arbor*
                                                *Management Services, LLC*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303-1775
Tel:  404-954-5000
Fax:  404-954-5020
Email:  agraham@hallboothsmith.com
Email:  treese@hallboothsmith.com
Email:  bcone@hallboothsmith.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| WILLIAM MANN, Individually and As Executor of The Estate of ERNESTINE MANN, Deceased<br><br>          Plaintiff,<br><br>v.<br><br>ARBOR TERRANCE AT CASCADE, LLC; THE ARBOR BARRINGTON COMPANY, LLC D/B/A THE ARBOR COMPANY, THE ARBOR CP, LLC, THE ARBOR HOLDING COMPANY, LLC, ARBOR MANAGEMENT SERVICES, LLC, JOHN DOE NO. 1, AND AUDRIENNE STEVENS,<br><br>          Defendants. | **CIVIL ACTION FILE NO.:**<br>_____<br><br>**Removed from the State Court of Fulton County, Georgia**<br><br>**Civil Action File Number: 20EV002369** |

**CERTIFICATE OF COMPLIANCE**

The foregoing **NOTICE OF REMOVAL** is double spaced in 14-point Times New Roman font and complies with the type-volume limitation set forth in Local Rule 7.1.

Respectfully submitted this 29th day of May, 2020.

**HALL BOOTH SMITH, P.C.**

/s/ HOWARD W. REESE, III
T. ANDREW GRAHAM
Georgia Bar No.  304777
HOWARD W. REESE, III
Georgia Bar No. 598178
BRITTANY H. CONE
Georgia Bar No. 488550

*Attorneys for Defendant Arbor
Management Services, LLC.*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303-1775
Tel:  404-954-5000
Fax:  404-954-5020
Email: agraham@hallboothsmith.com
Email:  treese@hallboothsmith.com
Email:  bcone@hallboothsmith.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| WILLIAM MANN, Individually and As Executor of The Estate of ERNESTINE MANN, Deceased<br><br>        Plaintiff,<br><br>v.<br><br>ARBOR TERRANCE AT CASCADE, LLC; THE ARBOR BARRINGTON COMPANY, LLC D/B/A THE ARBOR COMPANY, THE ARBOR CP, LLC, THE ARBOR HOLDING COMPANY, LLC, ARBOR MANAGEMENT SERVICES, LLC, JOHN DOE NO. 1, AND AUDRIENNE STEVENS,<br><br>        Defendants. | **CIVIL ACTION FILE NO.:**<br>_____<br><br><br>**Removed from the State Court of Fulton County, Georgia**<br><br>**Civil Action File Number: 20EV002364** |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following parties of record below and by depositing a true copy of the same in the U.S. Mail, with adequate postage affixed thereon, addressed as follows:

Roderick E. Edmond
Keith L. Lindsay
William J. Atkins
Edmond, Lindsay & Atkins, LLP
344 Woodward Avenue, S.E.
Atlanta, Georgia 30312

Respectfully submitted this 29th day of May, 2020.

**HALL BOOTH SMITH, P.C.**

/s/ HOWARD W. REESE, III
T. ANDREW GRAHAM
Georgia Bar No.  304777
HOWARD W. REESE, III
Georgia Bar No. 598178
BRITTANY H. CONE
Georgia Bar No. 488550

*Attorneys for Defendant Arbor*
*Management Services, LLC.*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303-1775
Tel:  404-954-5000
Fax:  404-954-5020
Email: agraham@hallboothsmith.com
Email:  treese@hallboothsmith.com
Email:  bcone@hallboothsmith.com

2