Case 1:20-cv-02325-SCJ   Document 1-1   Filed 05/29/20   Page 1 of 9

State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 65595401
Date: Apr 23 2020 11:27AM
LeNora Ponzo, Chief Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**

**STATE OF GEORGIA**

| | |
|---|---|
| WILLIAM MANN, Individually and as Executor of The Estate of ERNESTINE MANN, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> ARBOR TERRANCE AT CASCADE, LLC, THE ARBOR BARRINGTON COMPANY, LLC d/b/a THE ARBOR COMPANY, THE ARBOR CP, LLC, THE ARBOR HOLDING COMPANY, LLC ARBOR MANAGEMENT SERVICES, LLC, JOHN DOE NO. 1 and AUDRIENNE STEVENS <br><br> Defendants. | Civil Action File No. <br><br> _____ <br><br> JURY TRIAL DEMANDED |

**COMPLAINT**

**COMES NOW**, Plaintiff William Mann, Individually and as Executor of the Estate of Ernestine Mann ("Plaintiff") and files this, his Complaint against Defendants Arbor Terrace At Cascade, LLC, The Arbor Barrington Company, d/b/a The Arbor Company, The Arbor CP, LLC, The Arbor Holding Company, LLC, Arbor Management Services, LLC, and Audrienne Stevens (collectively "Defendants" and at times referred to as "Arbor Terrace"), as follows:

**I. JURISDICTION AND VENUE**

1. This Court has subject-matter jurisdiction over this action for money damages arising from injuries proximately caused by the tortious acts of the Defendants.

2. Venue is proper in this Court as Defendants.

1

## II.   PARTIES

3. Plaintiffs are citizens of the state of Georgia.

4. Defendant Arbor Terrace At Cascade, LLC, is a limited liability company registered in the State of Georgia with its principal place of business located at 3715 Northside Parkway, Building 300, Suite 110, Atlanta, Georgia 30327 and may be served with Summons and a copy of the Complaint through its registered agent for service of process, Mark W. Forsling at 127 Peachtree Street, #1600, Atlanta, Ga. 30303 and is subject to the jurisdiction of this court.

5. Defendant The Arbor Barrington Company d/b/a The Arbor Company is a limited liability company registered in the State of Georgia with its principal place of business located at 3715 Northside Parkway, Building 300, Suite 110, Atlanta, Georgia 30327 and may be served with Summons and a copy of the Complaint through its registered agent for service of process, Mark W. Forsling at 127 Peachtree Street, #1600, Atlanta, Ga. 30303 and is subject to the jurisdiction of this court and is subject to the jurisdiction of this court.

6. Defendant The Arbor Holding Company, LLC, is a limited liability company registered in the State of Georgia with its principal place of business located at 3715 Northside Parkway, Building 300, Suite 110, Atlanta, Georgia 30327 and may be served with Summons and a copy of the Complaint through its registered agent for service of process, Judd Harper at 3715 Northside Parkway, Building 300, Suite 110, Atlanta, Georgia 30327 and is subject to the jurisdiction of this court.

7. Defendant The Arbor CP, LLC, is a limited liability company registered in the State of Georgia with its principal place of business located at 3715 Northside Parkway, Building 300, Suite 110, Atlanta, Georgia 30327 and may be served with Summons and a copy of

the Complaint through its registered agent for service of process, Judd Harper at 3715 Northside Parkway, Building 300, Suite 110, Atlanta, Georgia 30327 and is subject to the jurisdiction of this court.

8. Defendant Arbor Management Services, LLC is a limited liability company registered in the State of Georgia with its principal place of business located at 3715 Northside Parkway, Building 300, Suite 110, Atlanta, Georgia 30327 and may be served with Summons and a copy of the Complaint through its registered agent for service of process, Judd Harper at 3715 Northside Parkway, Building 300, Suite 110, Atlanta, Georgia 30327 and is subject to the jurisdiction of this court..

9. Defendant John Doe No. 1 is a corporation or limited liability that owned, operated or managed Arbor Terrace At Cascade, and who will be more fully identified through discovery.

10. Audrienne Stevens is the Executive Director of Arbor Terrace At Cascade and may be served with a copy of Summons and her Complaint at 7017 Roseland Circle, Douglasville, Ga. 30134. Ms. Stevens is subject to the jurisdiction of this court

### III.   FACTUAL ALLEGATIONS

11. Plaintiff realleges and incorporates by reference all allegations contained in paragraphs 1-10 of Plaintiff's Complaint as if fully set forth herein.

12. Arbor Terrace At Cascade is an senior citizen's independent and assisted living facility located at 1001 Research Center, Atlanta, Ga. 30331.

13. Arbor Terrace At Cascade, LLC does business as Arbor Terrace At Cascade ("Arbor Terrace).

14. Arbor Terrace At Cascade is owned and operating by Defendant The Arbor Barrington Company d/b/a The Arbor Company and/or Defendant The Arbor Holding Company, LLC and/or Defendant Arbor Management Services, LLC.

15. Arbor Terrace At Cascade is managed by Defendant Arbor Management Services, LLC.

16. Ernestine Mann was a resident of Arbor Terrace.

17. She was 84 years of age.

18. She lived in the independent living section of Arbor Terrace.

19. On Dec. 31, 2019, the government in Wuhan, China confirmed that health authorities were treating dozens of cases of respiratory infections. Days later, researchers in China identified a new virus that had infected dozens of people in Asia.

20. That virus is now known as the Coronavirus or Covid-19.

21. Covid-19 is an infectious virus that attacks the respiratory systems of its human hosts.

22. Elderly people and people with compromised immune systems are particularly susceptible to serious complications and death from Covid-19.

23. On Jan. 11, 2020, Chinese state media reported the first known death from the virus.

24. On January 30, 2020, amid thousands of new cases of Covid 19 infections in China, a public health emergency of international concern was officially declared by the World Health Organization ("W.H.O.").

25. On February 28, 2020, the first coronavirus patient died in the United States, as the number of global cases rose to nearly 87,000.

26. On March 11, 2020, Arbor Terrace announced restrictions on outside visitation and contact among residents due to Covid -19, these restrictions were to commence on March 12, 2020. Those restrictions were circulated via email by Defendant Audrienne Stevens.

27. Visits to residents were allowed until noon on March 12, 2020.

28. After these restrictions were put in place, Arbor Terrace, by and through its employees failed to comply with the restrictions in ways including, but not limited to:

    a. Staff failing to wear Personal Protective Equipment;

    b. Asymptomatic staff who had been exposed to Covid-19 continuing to work at Arbor Terrace; and

    c. Failing to restrict visitation by individuals from outside of the facility.

29. On March 25, 2020, Ernestine Mann was transported to Piedmont Hospital via ambulance and admitted with diarrhea and a low-grade fever where she was admitted and treated for Covid 19 related pneumonia.

30. That same day, Ernestine Mann was tested for Covid-19 at Piedmont Hospital and her culture and Covid swab returned positive.

31. On March 29, 2020, Ms. Mann coded and was put on a ventilator.

32. She died later that day from complications of Covid-19.

33. On April 17, 2020 an update was sent to Arbor Terrace residents' families by Judd Harper, President of The Arbor Company wherein he reported the following:

    a. By April 1, 2020, 13 residents of Arbor Terrace had been hospitalized with positive Covid-19 results;

    b. By April 6, 2020, Defendants had learned that 29 of its residents had tested positive for Covid-19;

    c. Since March 26, 2020, at least 15 Arbor Terrace residents who had tested positive for Covid-19 have died; and

    d. At least 34 of the staff at Arbor Terrrance have tested positive for Covid-19.

## IV. NEGLIGENCE OF DEFENDANTS

34. Plaintiff realleges and incorporates by reference all allegations contained in paragraphs 1-33 of Plaintiff's Complaint as if fully set forth herein.

35. At all times relevant, while Ernestine Mann was a resident of Arbor Terrace At Cascade she was an invitee of defendants Arbor Terrace At Cascade LLC, and/or The Arbor Barrington Company d/b/a The Arbor Company and/or The Arbor CP, LLC and/or The Arbor Holding Company, LLC and or Arbor Management Services, LLC and/or Defendant John Doe No. 1.

36. At all times relevant, said premises were owned, occupied, managed and controlled by Defendants Arbor Terrace At Cascade LLC, and/or The Arbor Barrington Company d/b/a The Arbor Company and/or The Arbor Holding Company, LLC and/or The Arbor CP, LLC and/or Arbor Management Services, LLC and/or John Doe No. 1.

37. At all times relevant, Audrienne Stevens was acting in the course and scope of her employment with one or more of the other defendants.

38. Defendants Arbor Terrace At Cascade, LLC, Audrienne Stevens, The Arbor Barrington Company d/b/a The Arbor Company and/or Defendant The Arbor Holding Company, LLC and/or The Arbor CP, LLC and/or Arbor Management Services, LLC and/or John Doe No. 1. owed a duty to its residents, including Ernestine Mann, to exercise ordinary care keeping the premises and approaches at Arbor Terrace At Cascade safe.

39. Defendants failed to exercise ordinary care to keep the premises and approaches safe by failing to take and enforce the taking of those precautions designed to prevent the spread of Covid-19 among Arbor Terrace's residence and staff.

40. Ernestine Mann's contracting Covid-19 was foreseeable to Defendants.

41. Decedent Ernestine Mann was not aware of the dangerous conditions existent at Arbor Terrace prior to contracting Covid-19, despite exercising ordinary care for her safety while a resident there.

### V. GROSS NEGLIGENCE

42. Plaintiff realleges and incorporates by reference all allegations contained in paragraphs 1-41 of Plaintiff's Complaint as if fully set forth herein.

43. Defendants' acts and omissions to act for the protection of Ernestine Mann and its residents in the face of the grave danger faced by Ms. Mann and the other residents of possibly contracting Covid-19 constitute gross negligence.

### VI. DAMAGES-WRONGFUL DEATH

44. Plaintiff realleges and incorporates by reference all allegations contained in paragraphs 1-43 of Plaintiff's Complaint as if fully set forth herein.

45. As a direct, sole and proximate cause of one or more of the defendants, Plaintiff is entitled to recover any and all damages resultant from the wrongful death of his mother Ernestine Mann.

46. Said damages include the full value of Ernestine Mann's life, including economic damages and non-economic damages including loss of enjoyment of life.

### VII. DAMAGES-ESTATE CLAIMS

47. Plaintiff realleges and incorporates by reference all allegations contained in paragraphs 1-46 of Plaintiff's Complaint as if fully set forth herein.

48. As a direct, sole and proximate cause of one or more of the defendants, Ernestine Mann's estate, of which her son William Mann has been appointed executor is entitled to recover any and all damages resultant from the conscious pain and suffering that Ernestine Mann

endured prior to her death, any and all damages associated with emotional pain, suffering and anxiety that she experienced prior to her death and all funeral and burial expenses.

### VIII.   PUNITIVE DAMAGES

49. Plaintiff realleges and incorporates by reference all allegations contained in paragraphs 1-48 of Plaintiff's Complaint as if fully set forth herein.

50. In late February and early March of 2020, Defendants were well aware of the dangers of Covid-19 transmission to it elderly residential population.

51. Despite the clear and obvious need for preventive measures to protect its residents from Covid-19 transmission, Defendants failed to timely institute such measures and failed to enforce full compliance.

52. Said failure was willful, wanton and in reckless disregard for the consequences, entitling Plaintiff to an award of punitive damages pursuant to O.C.G.A § 51-12-5.1.

WHEREFORE, Plaintiff demands the following:

a) That this action of this action be taxed against the Defendants;

b)  That all costs be taxed against the Defendants.

c) That judgment be entered in favor of the Plaintiffs and against the defendants in an amount to be proven at trial and determined by the enlightened conscience of a fair and impartial jury, and

d) That the Court award any additional alternative relief as may be deemed appropriate under the circumstances.

Respectfully submitted this 23rd day of April 2020.

/s/ Roderick E. Edmond
Roderick E. Edmond
Georgia State Bar No. 239618
Keith L. Lindsay
Georgia State Bar No. 452995
William J. Atkins
Georgia State Bar No. 027060
Attorneys for Plaintiff

**EDMOND, LINDSAY & ATKINS, LLP**
344 Woodward Avenue, S.E.
Atlanta, Georgia 30312
(404) 525-1080 Telephone
(404) 525-1073 Facsimile
klindsay@edmondfirm.com
drrod4u@edmondfirm.com
batkins@edmondfirm.com