IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **William Mann**, *Individually and as Executor of the Estate of* Ernestine Mann, *Deceased,*<br><br>Plaintiff,<br><br>v.<br><br>**Arbor Terrace at Cascade, LLC, The Arbor Barrington Company, LLC** d/b/a The Arbor Company, **The Arbor CP, LLC, The Arbor Holding Company, LLC, Arbor Management Services, LLC, John Doe No. 1**, and **Audrienne Stevens**,<br><br>Defendants. | **CAFN:** 1:20-cv-02325-SCJ |

## PLAINTIFF WILLIAM MANN'S INITIAL DISCLOSURES

COME NOW Plaintiff William Mann and submits the following initial disclosures under Fed. R. Civ. P. 26 and Local Rule 26.1.

(1)   STATE PRECISELY THE CLASSIFICATION OF THE CAUSE OF ACTION BEING FILED, A BRIEF FACTUAL OUTLINE OF THE CASE INCLUDING PLAINTIFF'S CONTENTIONS AS TO WHAT DEFENDANT DID OR FAILED TO DO, AND A SUCCINCT STATEMENT OF THE LEGAL ISSUES IN THE CASE.

**RESPONSE:**

This is a negligence case arising from the wrongful death of Ernestine Mann following of contracting Covid-19 while a resident at Arbor Terrace at Cascade.

Ernestine Mann was a resident of Arbor Terrace AT Cascade. On March 25, 2020, Ms. Mann was transported to Piedmont Hospital via ambulance and admitted with diarrhea and a low-grade fever. She was tested for Covid -19 and was positive. ON March 25, she coded and was placed on a ventilator. She died later that day from complications of Covid-19.

The legal issues to be tried include the following:

Negligence, proximate cause, and damages.

(2) DESCRIBE IN DETAIL ALL STATUTES, CODES, REGULATIONS, LEGAL PRINCIPLES, STANDARDS AND CUSTOMS OR USAGES, AND ILLUSTRATIVE CASE LAW WHICH PLAINTIFFS CONTEND ARE APPLICABLE TO THIS ACTION.

**RESPONSE:**

a. Owner or Occupier of Land bound to keep premises safe: O.C.G.A. §51-3-1;

b. Wrongful death: O.C.G.A §51-4-1; and

    c. General Special and Punitive Damages O.C.G.A. § 51-12-1, 51-12-2, 51-12-5.1.

(3) PROVIDE THE NAME AND, IF KNOWN, THE ADDRESS AND TELEPHONE NUMBER OF EACH INDIVIDUAL LIKELY TO HAVE DISCOVERABLE INFORMATION THAT YOU MAY USE TO SUPPORT YOUR CLAIMS OR DEFENSES, UNLESS SOLELY FOR IMPEACHMENT, IDENTIFYING THE SUBJECTS OF THE INFORMATION. (ATTACH WITNESS LIST TO INITIAL DISCLOSURES AS ATTACHMENT A.)

**RESPONSE:**

See Attachment "A"

(4) PROVIDE THE NAME OF ANY PERSON WHO MAY BE USED AT TRIAL TO PRESENT EVIDENCE UNDER RULES 702, 703, OR 705 OF THE FEDERAL RULES OF EVIDENCE. FOR ALL EXPERTS DESCRIBED IN FED.R.CIV.P. 26(A)(2)(B), PROVIDE A SEPARATE WRITTEN REPORT SATISFYING THE PROVISIONS OF THAT RULE. (ATTACH EXPERT WITNESS LIST AND WRITTEN REPORTS TO RESPONSES TO INITIAL DISCLOSURES AS ATTACHMENT B.)

**RESPONSE:**

Plaintiff has yet to identify such experts.

(5) PROVIDE A COPY OF, OR A DESCRIPTION BY CATEGORY AND LOCATION OF, ALL DOCUMENTS, DATA COMPILATIONS OR OTHER ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS IN YOUR POSSESSION, CUSTODY, OR CONTROL THAT YOU MAY USE TO SUPPORT YOUR CLAIMS OR DEFENSES UNLESS SOLELY FOR IMPEACHMENT, IDENTIFYING THE SUBJECTS OF THE INFORMATION. (ATTACH DOCUMENT LIST AND DESCRIPTIONS TO INITIAL DISCLOSURES AS ATTACHMENT C.)

**RESPONSE:**

See Attachment "C"

(6)  IN THE SPACE PROVIDED BELOW, PROVIDE A COMPUTATION OF ANY CATEGORY OF DAMAGES CLAIMED BY YOU. IN ADDITION, INCLUDE A COPY OF, OR DESCRIBE BY CATEGORY AND LOCATION OF, THE DOCUMENTS OR OTHER EVIDENTIARY MATERIAL, NOT PRIVILEGED OR PROTECTED FROM DISCLOSURE, ON WHICH SUCH COMPUTATION IS BASED, INCLUDING MATERIALS BEARING ON THE NATURE AND EXTENT OF INJURIES SUFFERED, MAKING SUCH DOCUMENTS OR EVIDENTIARY MATERIAL AVAILABLE FOR INSPECTION AND COPYING AS UNDER FED.R.CIV.P. 34. (ATTACH ANY COPIES AND DESCRIPTIONS TO INITIAL DISCLOSURES AS ATTACHMENT D.)

**RESPONSE:**

**The Estate of Ernestine Mann** seeks recovery for the following:

1. Medical Expenses:  All medical expenses related to the injuries he sustained during or as a result of his encounter with the Defendants in an exact amount to be proven at trial but not less than $250,000.00.

2. Funeral and Burial Expenses:  In an exact amount to be proven at trial but not less than $15,000.00.

3. Compensatory Damages:  For physical and mental pain and suffering related to the injuries he sustained during or as a result of his encounter with the Defendants in an amount to be determined by the enlightened conscience of the jury but not less than $1,000,000.00.

    4. <u>Punitive Damages</u>:  In an amount to be determined by the enlightened conscience of the jury but not less than $1,000,000.00.

    5. <u>Wrongful Death Damages</u>: The full economic and non-economic value of the life Blanche Johnson in an amount to be determined by the enlightened conscience of the jury but not less than $1,000,000.00.

**Attorneys' Fees & Expenses**:  Pursuant to 42 U.S.C. § 1988, the Estate and William Mann will also seek an award of attorneys' fees and expenses of litigation in the event that either or both is found to be a prevailing party on one or more of their claims against the Defendants.

(7) ATTACH FOR INSPECTION AND COPYING AS UNDER FED.R.CIV.P. 34 ANY INSURANCE AGREEMENT UNDER WHICH ANY PERSON CARRYING ON AN INSURANCE BUSINESS MAY BE LIABLE TO SATISFY PART OR ALL OF A JUDGMENT WHICH MAY BE ENTERED IN THIS ACTION OR TO INDEMNIFY OR REIMBURSE FOR PAYMENTS MADE TO SATISFY THE JUDGMENT. (ATTACH COPY OF INSURANCE AGREEMENT TO INITIAL DISCLOSURES AS ATTACHMENT E.)

**RESPONSE:**

    See attachment "E"

(8) DISCLOSE THE FULL NAME, ADDRESS, AND TELEPHONE NUMBER OF ALL PERSONS OR LEGAL ENTITIES WHO HAVE A SUBROGATION INTEREST IN THE CAUSE OF ACTION SET FORTH IN PLAINTIFFS CAUSE OF ACTION AND STATE THE BASIS AND EXTENT OF SUCH INTEREST.

**RESPONSE:**

None known to Plaintiff at this time.

Respectfully submitted, this 21st day of August, 2020.

> */s/ Keith L. Lindsay*
> Keith L. Lindsay
> Georgia Bar No. 452995
> Roderick E. Edmond
> Georgia Bar No.: 239618
> William J. Atkins
> Georgia Bar No.: 027060

**EDMOND LINDSAY & ATKINS**, LLP
344 Woodward Avenue SE
Atlanta, GA 30312
Tel: (404) 525-1080
klindsay@edmondfirm.com
drrod4u@edmondfirm.com
batkins@edmondfirm.com

## **CERTIFICATE OF SERVICE AND TYPE**

I hereby certify that this pleading has been prepared using Times New Roman 14pt and further certify that I have this date served a copy of the within and foregoing **Plaintiff William Mann's Initial Disclosures** upon counsel for all parties by filing this document with the Court's CM/ECF process as follows:

John E. Hall, Jr., Esquire
T. Andrew Graham, Esquire
Teresa Pike Tomlinson, Esquire
**HALL BOOTH SMITH, P.C.**
191 Peachtree Street, N.E., Suite 2900
Atlanta, Georgia 30303
jhall@hallboothsmith.com
agraham@hallboothsmith.com
ttomlison@hallboothsmith.com

This 21st day of August, 2020.

*/s/ Keith L. Lindsay*
Keith L. Lindsay
Georgia Bar No. 452995
Roderick E. Edmond
Georgia Bar No.: 239618
William J. Atkins
Georgia Bar No.: 027060

**EDMOND LINDSAY & ATKINS**, **LLP**
344 Woodward Avenue SE
Atlanta, GA 30312
Tel: (404) 525-1080
klindsay@edmondfirm.com
drrod4u@edmondfirm.com
batkins@edmondfirm.com

## **Plaintiffs' Initial Disclosures**

## **ATTACHMENT "A" - WITNESS LIST**

Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.

1. William Mann
   3702 Lake Park
   Douglasville, GA 30135

   Subject: Mr. Mann is a plaintiff and the executor of his late mother's estate and has discoverable knowledge as to the events leading up to her hospitalization, including her residency at Arbor Terrace at Cascade and communications with Arbor Terrace at Cascade pertaining to Covid-19.

2. Karla McKinney
   8320 Rivertown RD
   Fairburn, GA 30213

   Subject: Ms. McKinney is a relative of the late Ernestine Mann and has discoverable knowledge as to the events leading up to her hospitalization, including her residency at Arbor Terrace at Cascade and communications with Arbor Terrace at Cascade pertaining to Covid-19.

3. Medical providers at Piedmont Hospital.

4. Agents, employees, and staff at Arbor Terrace At Cascade, including but not limited to:

   a. Audrienne Stevens;
   b. Judd Harper; and
   c. Danielle Avery.

Subject: These individuals have knowledge of who and when residents and residents at Arbor Terrace were tested for Covid-19, which tested positive, what step were undertaken to keep the premises safe in accordance with O.C.G.A. §51-3-1, and what information was conveyed to residents and family members.

## ATTACHMENT B

## DEFENDANTS' EXPERT WITNESS LIST

Defendants may use the following at trial to present evidence under Federal Rules of Evidence 702, 703, or 705. Separate written reports are provided to satisfy Fed. R. Civ. P. 26(a)(2)(B).

(None at this time.)

## Plaintiffs' Initial Disclosures

## ATTACHMENT "C" – DOCUMENTARY EVIDENCE LIST

Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.

All documents other than those which are being obtained through discovery are in the possession of the attorneys for the plaintiffs.

A) Medical records and bills of Ernestine Mann from Grady Memorial Hospital;

B) Ernestine Mann's death certificate; and

C) Funeral and Burial expenses for Ernestine Mann.

**Plaintiffs' Initial Disclosures**

**ATTACHMENT "D"**
**COMPUTATION OF CATEGORIES OF DAMAGES**

Include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34.

Special Damages:

(1) Medical expenses: Copies of billing records are in the possession of attorneys for the plaintiffs. Plaintiffs have produced medical bills in their possession.

(2) Lost Wages: N/A

(3) Funeral and Burial Expenses: Copies of funeral and burial expense records are in the possession of attorneys for the plaintiffs. Plaintiffs have produced such record that are in their possession.

## Plaintiffs' Initial Disclosures

## ATTACHMENT "E" – INSURANCE AGREEMENT

Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

Not in possession of Plaintiffs.